**3**
**LAW OFFICE OF HELGA A. WHITE**
Helga A. White (SBN 109462)
310 Bridgeview Drive
Auburn, CA 95603
Telephone: (530) 885-4433
Fax: (530) 236-8866
e-mail: helgawh@gotsky.com

Attorney for Eugene and Nancy Fedon

## UNITED STATES BANKRUPTCY COURT

### EASTERN DISTRICT OF CALIFORNIA
### SACRAMENTO DIVISION

|  |  |
|---|---|
| EUGENE M. FEDON and <br> NANCY L. BUSCHE-FEDON <br><br>     Debtors. <br> _____ | CASE NO. 2016-24867-A-7 <br> Motion Control No. HAW-001 <br> Date:   March 27, 2017 <br> Time:  10 a.m. <br> Courtroom: 28, 7th Floor, Dpt. A <br> Honorable: Michael S. McManus <br> United States Bankruptcy Court <br> 501 I Street, Sacramento Ca 95814 |

DEBTORS' MOTION TO AUTHORIZE/COMPEL TRUSTEE'S
ABANDONMENT OF DEBTORS' PROPERTY LISTED IN SCHEDULE A/B,
EXCEPT FOR $35,000 PAID BY DEBTORS TO PURCHASE NON-EXEMPT
EQUITY IN THEIR RESIDENCE.
(11 U.S.C. Section 554 and Bankruptcy Rule 6007)

      The Debtors, Eugene Fedon and Nancy Busche-Fedon ("Debtors"), through their attorney, Helga A. White, request that the Court authorize/compel the Chapter 7 Trustee to abandon Debtors' Property listed in Schedules A/B, except for $35,000.00 which Debtors paid to the Trustee for the purchase of the Bankruptcy estate's non-exempt equity in the Debtors' residence located at 10492 Indian Trail, Nevada City, CA 95959 ("Residence,") on the ground that the Property is of inconsequential value to the Bankruptcy Estate.

      The Debtors filed their Bankruptcy on July 26, 2016.  In their Schedule A/B,

-1-

beginning with paragraph 3 and continuing through paragraph 54, the Debtors listed their personal property and its value.    Schedule A/B is attached to the Request for Judicial Notice.    In Schedule C the Debtors properly exemption all of said personal property pursuant to California Code of Civil Procedure, Section 704 et. seq. Schedule C is attached to the Request for Judicial Notice.    The time to object to the Debtors' claims of exemption has long expired.    The Trustee stated that the Debtors' personal property listed in paragraphs 3 through 54 of Schedule A/B is of inconsequential value to the Bankruptcy estate and he stipulated to the abandonment of said personal property.    See declaration of Douglas M. Whatley filed in support of this motion.

In paragraph 1 of Schedule A/B. the Debtors listed their real property located at 10492 Indian Trail, Nevada City, CA 95959-000 ("Residence').    It was the opinion of the Debtors that their Residence was worth $625,000 at the time of their bankruptcy filing.    The Residence was encumbered with 3 liens totalling $423,813.21,  to wit:

$372,551.23 to Bank of the West on 1st priority lien,
$ 45,333.22 to Bank of the West on 2nd priority lien and
$   5,928.76 for real property taxes to the Nevada County Tax Collector.
$423,813.21 total encumbrance.

See declaration of Eugene Fedon filed in support of this motion and also Schedule D, which is  attached to the Request for Judicial Notice.    In Schedule C, the Debtors exempted $175,000 in equity in the Residence pursuant to Cal. Code of Civil Procedure Section 704.730, leaving $26,186.79 ($625,000 minus $423,813.27 minus $175,000 = $26,186.79)   as non-exempt equity in the Residence.    The court is requested to take judicial notice of Schedule C which is attached to the Request for Judicial Notice.

Between August 23 and December 6, 2016, the Trustee personally inspected the Debtors' Residence and concluded that it had additional equity of approximately

$35,000 over and above the $175,000 homestead exemption claimed by the Debtors. See declaration of Douglas M. Whatley filed in support of this motion. The Debtors offered to purchase the Bankruptcy estates' interest in the additional equity of $35,000 in the Residence, which became the subject of the Trustee's separate motion, motion control No. DMW-1. The hearing on Trustee's motion No. DMW-1 to sell the estate's interest in the non-exempt equity in the Residence to the Debtors for $35,000 was held and granted on February 13, 2017. The Court is requested to take judicial notice of its Final Ruling filed as docket No. 22, a copy of which is attached to the Request for Judicial Notice.

Having exempted $175,000 in the Residence and paid $35,000 for the Bankruptcy estate's interest in the non-exempt equity in the Residence, there is no remaining equity in the Residence. Consequently, the Residence is of inconsequential value to the Bankruptcy estate and the Debtors request that the Court compel the Trustee to abandon the Residence.

In total, the Debtors request that the Court authorize/compel the Trustee to abandon the Debtors' real and personal property listed in paragraphs 1 through 54 of Schedule A/B (excluding the $35,000 that the Debtors' paid to the Trustee for the estate's interest in non-exempt equity in the Debtors' Residence) on the ground that the Property is of inconsequential value to the Bankruptcy estate.

Dated: February 15, 2017          LAW OFFICE OF HELGA A. WHITE

                                                    BY:   Helga A. White (Signature on file)

                                                    _____

                                                    Helga A. White, Attorney for Debtors